UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MICHAEL F. HARRIS,

    Defendant.

Case No. 95-cr-00227-TEH-1

**DISPOSITION ORDER**

This matter came before the Court on February 8, 2016, on objections to the September 3, 2015 writ of continuing garnishment requested by the government. Counsel for the government and counsel for the Garnishees, trustees of a trust for which Defendant Michael F. Harris is a beneficiary, appeared; counsel for Defendant did not appear, despite requesting a hearing in his opposition to the writ. After carefully considering the parties' written and oral arguments, the Court finds it appropriate to reject the objections and now enters the disposition order set forth below.

**BACKGROUND**

Defendant Michael F. Harris was found guilty of eight criminal counts: two counts of violating 18 U.S.C. § 664 (theft from employee benefit plan); two counts of violating 18 U.S.C. § 1027 (false statements and concealment of facts in documents required by the Employment Retirement Income Security Act); and four counts of violating 18 U.S.C. § 1341 (mail fraud). Judgment was entered on June 17, 1997, and included restitution in the amount of $646,000.00. Defendant has failed to satisfy his restitution debt and, as of August 26, 2015, had an outstanding balance of $594,345.74.

Defendant never disclosed to the government any interest in family trusts, but the government became aware of such trusts after the trust documents were filed in *Cavellini v. Harris*, Case No. 93-cv-00057 SBA (KAW) (N.D. Cal.), a civil action brought by the

victims of Defendant's crimes. Defendant's parents, Gilbert T. Harris and Rita E. Harris, created a trust on July 3, 1990, and restated that trust on September 29, 1998 ("Restated Trust"). Following Gilbert Harris's death in 2003, the Restated Trust became irrevocable, and the trust assets were divided into two other irrevocable trusts: a Bypass Trust and a Marital Trust. Rita Harris subsequently transferred the assets from the Marital Trust to the October 3, 2003 Harris Trust Agreement ("Harris Trust"). Both the Restated Trust and Harris Trust provide for the creation of the Discretionary Trust of Michael Flynn Harris ("Discretionary Trust") upon Rita Harris's death. Under the terms of the Restated Trust, "The Trustee shall payout of income which in the Trustee's absolute discretion will help support Michael, which in the opinion of the Trustee will allow Michael to properly manage his affairs." Restated Trust at 8 (Ex. C to Laird Decl.). The Restated Trust further provides that, "The Trustee may pay to Michael or for his benefit, so much of the principal as the Trustee deems necessary or advisable from time to time for his health, maintenance, education, and best interest." *Id.*

Rita Harris died on April 4, 2015. Under the trust documents, certain real property and 50% of remaining trust assets, except for a $1,000.00 gift to Rita's daughter, were placed in the Discretionary Trust. The Discretionary Trust has a spendthrift clause that provides that, "The interest of beneficiary in principal or income shall not be subject to the claims of any creditor, any spouse for alimony or support, or others, or to legal process, and may not be voluntarily or involuntarily alienated or encumbered." *Id.* at 9.

The Court granted the government's application for a writ of continuing garnishment on September 1, 2015, and the writ was issued to Scott Harris, Kevin Harris, and Holly Harris ("Garnishees") as co-trustees for the Restated Trust, the Harris Trust, and the Discretionary Trust (collectively, "Trusts") on September 3, 2015. The government made clear at oral argument that it seeks to garnish only distributions from the Trusts and does not seek to seize any of the Trusts' assets prior to distribution.

In the Garnishees' answer to the writ, Scott Harris stated in a sworn declaration that Defendant disclaimed all assets of the Trusts except for certain checking and investment

1 accounts listed in the answer. The Garnishees also contend that any disposition order must
2 apply only to trust income and not principal. Defendant filed an opposition claiming
3 exemptions under state law, pursuant to 28 U.S.C. § 3014(a)(2)(a), and arguing that any
4 enforcement efforts against the Trusts can only be made against actual distributions and
5 can only be brought in state court.

**DISCUSSION**

Contrary to Defendant's assertions, the government is not limited to state court remedies. The government may enforce restitution orders in any manner in which it recovers fines or "by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A)(i)-(ii). Thus, the government may enforce a restitution judgment "in accordance with the practices and procedures for the enforcement of a civil judgment *under Federal law* or State law. Notwithstanding any other Federal law . . ., a judgment imposing a fine may be enforced against all property or rights to property of the person fined," with exceptions not at issue here. 18 U.S.C. § 3613(a) (statute governing enforcement of fines) (emphasis added). The government's request for a writ in this Court is therefore proper.

The Fair Debt Collection Procedures Act ("FDCPA") governs collection of restitution payments. 28 U.S.C. § 3002(3)(B) (defining "debt" to include "an amount that is owing to the United States on account of . . . restitution"). Because the FDCPA preempts state law, 28 U.S.C. § 3003(d), Defendant's and Garnishees' attempts to rely on state law are misplaced. Moreover, the fines enforcement statute specifically states that 28 U.S.C. § 3014 "shall not apply to enforcement under Federal law," thereby making Defendant's claims for state law exemptions under that statute inapplicable. 18 U.S.C. § 3613(a)(2).

An order of restitution "is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. § 3613(c). The

3

central question in this case is whether Defendant has a property interest in the trusts to which the government's lien attaches. "'Property' includes any present or future interest, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts))." 28 U.S.C. § 3002(12).

As in *Drye v. United States*, 528 U.S. 49 (1999), Defendant attempts to evade payment of a liability owed to the United States by arguing that his disclaimer of any rights to property under state law removes that property from the reach of a federal lien. However, federal law "'is not struck blind by a disclaimer.'" *Id.* at 59 (quoting *United States v. Irvine*, 511 U.S. 224, 240 (1994)). Just as Drye had the right to receive certain property upon his mother's death, the trust documents in this case created irrevocable trusts under which Defendant, as a beneficiary, acquired "a vested and present beneficial interest in the trust property," *Empire Props. v. Cty. of Los Angeles*, 44 Cal. App. 4th 781, 787 (1996). That Defendant attempted to disclaim rights to all but a few delineated checking and investment accounts does not alter that he had the "power to channel the estate's assets," thereby "warrant[ing] the conclusion that [Defendant] held 'property' or a 'righ[t] to property' subject to the Government's liens." *Drye*, 528 U.S. at 61 (third alteration in original). Indeed, by emphasizing that Defendant disclaimed rights to certain property, the Garnishees implicitly acknowledge that Defendant had property rights to disclaim. The Court therefore finds the Garnishees' attempts to distinguish *Drye* unavailing and concludes that, notwithstanding his disclaimer, Defendant has property rights in the Trusts against which a writ of garnishment may be issued.

This is true even though the Trusts provide for discretionary rather than mandatory distributions to Defendant. Other than the limitation on the maximum amount to be paid from principal, the terms of the Discretionary Trust are materially indistinguishable from those considered by the court in *United States v. Taylor*, 254 F. Supp. 752 (N.D. Cal. 1966). In that case, as in this one, the trust provided that the trustees "shall" pay, in their

4

1   discretion, amounts from the trust's income to support the beneficiary, and that the trustees
2   "may," in their discretion, pay the same out of principal. *Id.* at 755 n.1; Restated Trust at
3   8. Although the latter clause was "phrased as a grant of absolute discretion, [it] is geared
4   to the [beneficiary's] need for support. The trustees have the power under this provision to
5   invade the principal when the trust income is inadequate to meet the [beneficiary's]
6   needs." *Taylor*, 254 F. Supp. at 756. The *Taylor* court concluded that, although the
7   beneficiary's property right has no fixed value because it "is variable according to the
8   [beneficiary's] needs," these provisions nonetheless gave the beneficiary a "substantial,
9   vested property right in the trust." *Id.* This Court agrees. *See also Cohen v. United States*,
10  No. CV 96-5880-RAP BQRX, 1998 WL 953979, at *5 (C.D. Cal. Mar. 9, 1998)
11  (following *Taylor* and rejecting plaintiff's contention that he "has no property interest in
12  the principal of the Trust until such time as the independent trustee exercises discretion to
13  distribute funds for [his] support").
14        Finally, Defendant attempts to use the Trusts' spendthrift clause as a shield.
15  However, the Ninth Circuit has squarely held that a spendthrift clause does not protect
16  against enforcement of a lien by the United States. *Leuschner v. First W. Bank & Trust*
17  *Co.*, 261 F.2d 705, 707-08 (9th Cir. 1958).
18
19  **CONCLUSION**
20        For all of the above reasons, IT IS HEREBY ORDERED that Garnishees Scott
21  Harris, Kevin Harris, and Holly Harris shall pay to the United States from Defendant's
22  property and interest, as a beneficiary under the Restated Trust, the Harris Trust, and the
23  Discretionary Trust, whether such interest is currently distributed under the terms of the
24  Trusts or will be distributed in the future, all amounts payable to Defendant and will
25  continue payments to the United States until the judgment is paid in full, until the
26  Garnishees no longer have possession, custody, or control of any property belonging to
27  Defendant, or until further order of this Court.
28

This order shall be binding on the current trustees under the Trusts and on any future or successor trustees, whether appointed under the terms of the Trusts, by court, or otherwise.

**IT IS SO ORDERED.**

Dated:   02/10/16

_____
THELTON E. HENDERSON
United States District Judge